ORIGINAL
RECEIVED
MAR 25 2019
U.S. BANKRUPTCY COURT
SO DIST OF NEW YORK

```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------
In Re:                                   Chapter 11

RUNWAY LIQUIDATION HOLDINGS, LLC         Case No. 17-10466(SCC)
et al.
                                         Jointly Administered
                     Debtors.
--------------------------------------
RUNWAY LIQUIDATION, LLC                  Adversary Proceeding No.
                                         19-01082 (SCC)
          Plaintiff,

vs.
                                         ANSWER
TIMEX GARMENT (PVT) LTD.,

          Defendant.
--------------------------------------
```

Defendant TIMEX GARMENT (PVT) LTD., by its attorney, for its answer to the Complaint herein, alleges as follows:

1.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1, except denies that any of the alleged transfers was preferential.

2.  Denies knowledge or information sufficient to form a *belief* as to the truth of the allegations contained in paragraphs 2, 6, 7, 8, and 18.

3.  Admits the allegations contained in paragraphs 3, 9, 13, and 20.

4.  Notes that paragraphs 4, 5, 11, 14, 15, 16, 23, 24, and 25 consist of statements or conclusions of law and, as such, need not be answered. To the extent an answer may be required, they

RECEIVED
MAR 25 2019
U.S. BANKRUPTCY COURT
SO DIST OF NEW YORK

are denied.

5. In response to paragraph 12, repeats and realleges its previous statements regarding paragraphs 1-11.

6. Denies each and every allegation contained in paragraphs 10, 17, 19, and 21.

7. In response to paragraph 22, repeats and realleges its previous statements regarding paragraphs 1-21.

8. The paragraph beginning with the word "WHEREFORE" contains no allegations and, as such, need not be answered. To the extent that an answer may be required, it is denied.

9. Denies each and every allegation not previously admitted, denied or otherwise controverted.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

10. The alleged transfer alleged to have been made on February 9, 2017 was intended to be and was, in whole or in part, a contemporaneous exchange for new value given to the debtor.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

11. The alleged transfers made on December 6, 2016 and January 27, 2017 were, in whole or in part, made in payment of a debt incurred by the debtor in the ordinary course of business or financial affairs of the debtor and the transferee; was made in the ordinary course of business or financial affairs of the debtor and the transferee; and was made according to ordinary business terms.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

12. After the alleged transfers made on December 6, 2016 and January 27, 2017, creditor gave new value for the benefit of the debtor, not secured by an otherwise unavoidable security interest and not on account of an otherwise unavoidable transfer to or for the benefit of said creditor.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

13. The complaint fails to state a claim against the answering defendant, in whole or in part, upon which relief can be granted.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

14. The complaint herein was not timely served pursuant to Rule 7004(f), in that the Summons was issued on February 28, 2018, and postmarked on March 13, 2019, more than ten days later.

WHEREFORE, defendant TIMEX GARMENT (PVT) LTD. demands judgment:

    a. dismissing the complaint herein;

    b. awarding defendant the costs and disbursements of this action, and such other and further relief as this Court deems just and proper.

Dated: Merrick, New York
       March 22, 2019

Randolph Volkell
Attorney for Defendant
14 Woodland Terrace
Merrick, NY  11566
(516) 771-0300
volkell@gmail.com

TO: Beth Levine, Esq.
    Pachuhlski Stang Ziehl & Jones
    780 Third Avenue
    New York, NY 10017

## AFFIRMATION OF SERVICE BY MAIL

RANDOLPH Z. VOLKELL, an attorney admitted to practice before the courts of the State of New York, affirms under penalty that the following statements are true, except as to those made upon information and belief, and as to those he believes them to be true:

1. I am the attorney for defendant in the within action.

2. On the 22nd day of March, 2019, I deposited a copy of the annexed answer in the above entitled action, enclosed in a first class postpaid wrapper and properly addressed to:

Beth Levine, Esq.
Pachuhlski Stang Ziehl & Jones
780 Third Avenue
New York, NY 10017

at the address designated by him for that purpose, in an official depository in Merrick, New York under the exclusive care and custody of the United States Post Office Department.

Dated: Merrick, New York
       March 22, 2019

RANDOLPH Z. VOLKELL